127 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nestor de la Rama DE JESUS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70563.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 7, 1997.**
Filed Oct. 16, 1997.
 
 Before HUG, Chief Judge, WALLACE and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Nestor De la Rama De Jesus, a native and citizen of the Philippines, timely petitions for review of an order of the Board of Immigration Appeals (BIA). The BIA dismissed his appeal of an immigration judge's (IJ) order denying De Jesus' request for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a),[1] and we deny the petition for review.
 
 
 3
 To be eligible for asylum, an alien has the burden of demonstrating that he has been persecuted, or has a well-founded fear of persecution, in his native country on account of race, religion, nationality, membership in a particular social group, or political opinion. See INA § 208, 8 U.S.C. § 1158, incorporating 8 U.S.C. § 1101(a)(42)(A); Abedini V. INS, 971 F.2d 188, 191 (9th Cir.1992). Mr. De Jesus argues that the BIA erred in finding that he failed to establish a well-founded fear of persecution. The BIA's factual determinations are reviewed for substantial evidence. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); 8 U.S.C. § 1105a(a)(4) (BIA's determination must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole."). Under this standard, a reviewing court will reverse the BIA's decision "only where the evidence is such that a reasonable fact finder would be compelled to conclude that the requisite fear of persecution existed." Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995); Prasad v. INS, 47 F.3d 336, 338-339 (9th Cir.1995).
 
 
 4
 On the record before us, we are not compelled to conclude that a well-founded fear of persecution exists. De Jesus' involvement with the NPA was limited to attending meetings. While De Jesus did testify that his friend said that he was on the NPA's "hit list," the NPA never personally threatened De Jesus, despite the fact that he remained in the Philippines for seven months after becoming a Civilian Home Defense Force (CHDF) informant. The CHDF also never personally threatened De Jesus. Moreover, De Jesus' mother has remained in the Philippines without threat of harm since his departure in 1989. While De Jesus testified that men in civilian clothes asked his mother about his whereabouts, his mother could not identify the affiliation of these strangers, let alone the nature of their visit.
 
 
 5
 Even if the NPA did indeed put De Jesus on its "hit list," this would not compel a finding that the NPA still has the will or inclination to persecute Mr. De Jesus. This court has held that "the mere fact that a threat was made may not be sufficient ... [w]hat matters is whether the group making the threat has the will or ability to carry it out." Bolanos-Hernandez v. INS, 767 F.2d 1277, 1285 (9th Cir.1985). While it is uncontroverted that extrajudicial killings do occur in the Philippines and that the NPA could persecute De Jesus if it was so inclined, the record does not compel a finding that the NPA has the will to persecute him. The NPA never personally threatened De Jesus, even though De Jesus remained in the country for several months after he became an informant. His family has remained in the country ever since without incident. Had the NPA wanted to find him, it had the means to do so through De Jesus' many acquaintances who continued to attend NPA meetings. Given that the record does not establish that the NPA had the will to persecute De Jesus when it learned he had become an informant, it does not establish that the NPA is at all interested in him at this point.
 
 
 6
 Thus, substantial evidence supports the BIA's finding that De Jesus failed to establish a well-founded fear of persecution and is, therefore, ineligible for asylum. De Jesus' failure to satisfy the lesser standard of proof for asylum necessarily results in his failure to demonstrate a right to withholding of deportation. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993). Therefore, the petition and request for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, are DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36--3
 
 
 [1]
 Title 8 U.S.C. § 1105a (Section 106(a) of the Immigration and Naturalization Act (INA) was repealed and replaced by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. No. 104-208, 110 Stat. 3009, which was signed into law on September 30, 1996. The IIRIRA, however, does not apply to the instant case because the final order of deportation (the BIA decision) was rendered before the IIRIRA was signed into law. See IIRIRA § 306(c)(1) and 309(a)